Mr. Justice Noll
delivered the opinion of the court:
The defendant in this case has been indicted under the act of 1816, the title of which is, “an Act, the more effectually to prevent the pernicious practice of gaming.” The object of the act is therefore expressed in the title; and the reason why it is considered expedient to prohibit this *439 practice, is set forth in the preamble of the act. It is because it is often attended with quarrels and controversies ; the impoverishment of many people ; corruption of the morals and manners of youth, &c. Perhaps by looking at the evil here complained of, and the remedy intended to be applied, we should, without any difficulty, be lead to the true construction of this act. But I nevertheless think that our inquiry will be facilitated by a reference to the act of 1802, which was the first act creating this of-fence. The title and preamble of that act are in substance, ■and nearly in words, the same as that of 1810. The enacting clause makes it penal in any person to “ play at any tavern, inn, store for the retailing of any spirituous liquors, or in any other public house, or in any street, high way, or in any open wood, race field, or open place at any game or games, &c.” In this clause, houses of a particular description are enumerated, which necessarily excludes all others from the operation of the acL The mischief therefore complained of as arising undue that act was that the penalty might he eluded, and the object of the Legislature entirely defeated by going into any outhouse, whether attached to the principal house or elsewhere. To remedj' that evil, the act of 181G, after repeating that part of the former act, superadds the following words — “any house used as a place of gaming, or in any barn, kitchen, stable, or other out-house.” Now what is the meaning of the words “ out house ?” Taken literally, they must mean any house separate and apart from the principal or mansion house.
There is nothing in the act to limit them meaning to the out houses appurtenant to the mansion house. The1 policy of the law should lead us to extend it. to out houses of every description. For its professed object is “to prevent the pernicious practice of gaming.” With that view, it is made to embrace highways, open fields and 1-ace paths, kitchens, barns, stables and every other outhouse. It would have been difficult to have made use of words more comprehensive. Both, the letter and the' *440 spirit of the act, therefore, seem to lead to the same con struction. If gaming has a tendency to lead to quarrel:; end controversies, and to the corruption of morals, &c. when carried on in an open field, that tendency cannot ho much lessened by carrying it on at a still house. And although penal laws are not to be extended by construction, yet the policy of the law is to he regarded. In this case, however, the court can discover no inconsistency between the letter and policy of the law. They both tend to the same object, and the motion, therefore, must be dismissed.
Butler, for the motion.
Jeler, Sol. contra.
Justices Gantt, Richardson, Huger & Johnson, con curved.